lenging Hartley's right to make the counts responding to this sketch, such disclosure must be assumed here.

Shortly after this a Mr. Heising, another research engineer in the same department with Hartley, tested Hartley's apparatus, and when called to the witness stand stated that both plate and grid modulation was effected. Heising, while testing the Hartley system, as disclosed by the sketch to which reference has been made, conceived an improvement, consisting in the insertion of an adjustable resistance in the oscillation circuit. These tests were completed some time prior to March of 1915, and a memorandum was filed with the patent department of the company a little later. In May of the same year a patent application for the improved system was authorized, and shortly thereafter drawings were begun, which resulted in the filing of an application in Heising's name during the following September. The invention of the present issue is clearly disclosed in this Heising application.

[1] We agree with the Board and Assistant Commissioner that these tests by Heising constituted a reduction to practice of the Hartley invention. Hathaway v. Field, Lanning, and Colman, 48 App. D. C. 369. Hartley and Heising were employees of a common assignee, were working toward the same end, and their diligence or lack of diligence inured to the benefit of or was chargeable against their employer and assignee.

[2] We are not unmindful of the contentions of both De Forest and White as to the sufficiency of the evidence concerning the Heising tests. But, as pointed out by the Assistant Commissioner, there can be no doubt that these tests were made, and there is no reason why the testimony of these highly skilled and reputable witnesses should not be accepted. Error on the part of the Patent Office tribunals, in a case involving such highly technical subject-matter as is presented here, would have to be made very clear to warrant or justify us in disturbing the conclusions reached.

[3] Since reduction to practice has been established for Hartley prior to the conception of either of the other parties, and no concealment or abandonment followed, the delay on the part of his assignee in filing the application presents no bar to the award of priority to Hartley. The decision, therefore, is affirmed in each appeal.

Affirmed as to No. 1761.
Affirmed as to No. 1762.

Lee DE FOREST v. Ralph V. L. HARTLEY, Appellee.

(Court of Appeals of District of Columbia. Submitted November 12, 1925. Decided January 4, 1926.)

No. 1767.

S. E. Darby and S. E. Darby, Jr., both of New York City, and C. M. Thomas and F. D. Thomas, both of Washington, D. C., for appellant.

I. J. Adams, F. T. Woodward, G. W. Rich, and J. W. Schmied, all of New York City, for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. In this appeal the proofs are the same as in appeals Nos. 1761 and 1762, 10 F.(2d) 901. For the reasons stated in our opinion in those two cases, the decision is affirmed.

Affirmed.

Lee DE FOREST and Charles V. Logwood, Appellants, v. Ralph V. L. HARTLEY, Appellee.

(Court of Appeals of District of Columbia. Submitted November 12, 1925. Decided January 4, 1926.)

No. 1768.

S. E. Darby and S. E. Darby, Jr., both of New York City, and C. M. Thomas and F. D. Thomas, both of Washington, D. C., for appellants.

I. J. Adams, F. T. Woodward, G. W. Rich, and J. W. Schmied, all of New York City, for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. In this appeal the proofs are the same as in appeals Nos. 1761 and 1762, 10 F.(2d) 901. For the reasons stated in our opinion in those two cases, the decision is affirmed.

Affirmed.